**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 25 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NORMAN CHARLES PICKETT, Jr., | No. 21-55247 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-08755-GW-E |
| v. | |
| E. HAWKINS, Licensed Clinician Social Worker, individual; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted January 19, 2022**

Before:    SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

California state prisoner Norman Charles Pickett, Jr., appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

retaliation, deliberate indifference, and due process claims.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo a dismissal under 28 U.S.C.

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1915(e)(2)(B)(ii). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We affirm.

The district court properly dismissed Pickett's action because Pickett failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-41 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must allege facts sufficient to state a plausible claim); *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (holding a plaintiff must demonstrate harm caused by the alleged deliberate indifference); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a First Amendment retaliation claim in the prison context); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure."); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) ("[T]here is no constitutional right to rehabilitation.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**